# In the United States Court of Federal Claims

Case No. 09-728T
(Filed: August 8, 2012)

```
*****************************************************
ALBERT M. GRAHAM, JR., AND              *
MARTHA A. GRAHAM,                       *
         Plaintiffs,                    *
                                        *
    v.                                  *
                                        *
THE UNITED STATES OF AMERICA,           *
         Defendant.                     *
*****************************************************
```

## ORDER/OPINION

Defendant seeks to have the Court dismiss the Complaint based on public policy grounds. However persuasive the public policy grounds for dismissing the case, the Defendant's motion is premature. The Court cannot dispose of this case for the reasons discussed below. **Defendant's Motion for Judgment on the Pleadings is DENIED without prejudice.**

Defendant argues that we should dispose of this case on public policy grounds because Plaintiffs should not be allowed to receive a tax deduction for embezzlement losses when the embezzlement losses were a result of a tax fraud committed by Plaintiffs. Defendant asserts that there is ample support in the complaint and its attachments for finding that Plaintiffs committed tax fraud, and that the embezzlement loss occurred when Plaintiff's administrative assistant helped perpetrate this fraud.

In order to grant Defendant's motion, we would have to conclude at this early stage of litigation that Plaintiffs committed tax fraud. There is nothing in the complaint or its attachments, including references to *Graham v. Commissioner*, that would allow the Court to make such a finding at this time. In *Graham v. Commissioner,* the Court determined that a tax fraud had occurred and stated that Plaintiffs' claims for

embezzlement losses were not yet ripe to determine because there was still a chance of recoupment of losses.  *Graham*, T.C.M. 2005-68 (2005), *aff'd* 257 F. App'x 4 (9th Cir. 2007).

    We cannot find that Plaintiffs committed tax fraud without taking judicial notice of the Tax Court's findings.  Federal Rules of Evidence (FRE) 201 states that a court may take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned."  Fed. R. Ev. 201(b).

    These facts do not fall into either category.  This Court cannot conclude that a fraud occurred when it is not presented with the evidence upon which the Tax Court based its conclusion.  This Court must judge for itself whether Plaintiffs committed tax fraud; and the conclusion by a separate judicial body does not make this indisputable.

    For the reasons stated above, the Court **DENIES without prejudice the Defendant's Motion for Judgment on the Pleadings.**

    The Court's Order of April 5, 2012, stayed the discovery proceedings in this case until the Motion for Judgment on the Pleadings was decided.  **This Stay is lifted.**  Parties are **ORDERED to file a Joint Status Report no later than September 7, 2012,** proposing further proceedings in this case.

    **IT IS SO ORDERED.**

                                               s/ Lawrence M. Baskir
                                               LAWRENCE M. BASKIR
                                                   Judge